FORNARIS *v.* THE MUNICIPALITY OF PONCE.

APPEAL from the District Court of Ponce.

No. 315.—Decided February 1, 1909.

EFFECTIVENESS OF JUDGMENTS—CASES IN WHICH THE DEFENDANT IS A MUNICIPALITY.—The act to secure the effectiveness of judgments is not applicable to cases where the defendant is a municipality.

ID.—The procedure to secure the effectiveness of judgments rendered against municipalities is established in section 84 of the act to establish a system of local government and for other purposes, of March 8, 1906.

ID.—The provisions of section 107 of the act to establish a system of local government, of March 8, 1906, cannot be constructed in the sense of authorizing a *contrario sensu*, the attachment of properties belonging to a municipality, which are not in the possession of the Treasury of Porto Rico.

The facts are stated in the opinion.

*Mr. José A. Poventud* for appellant.

*Mr. N. R. Canals* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

Under date of August 21 last, Arturo Fornaris Roig brought an action in the District Court of Ponce against the municipality of said city to recover the sum of $938.53, consisting of claims for $480.98, $315, $15, $25, $75 and $101.80, against the said municipality which has been respectively as-

signed to the plaintiff by Robert S. Graham, Manuel Hedilla, Pedro Rodríguez, Rafael Guilbe and Castro Mercado.

The said claims had been acknowledged by the municipal council of the city of Ponce at a session held on April 24 of the said year, and embodied in the budget for 1908-9, to be paid in the second semester of said fiscal year, according to a certificate which is of record.

On the same date the complaint was filed, the plaintiff applied for and obtained from the lower court an order for the attachment of sufficient property of the defendant debtor to cover the sum claimed, and such attachment was levied by the marshal on the sum of $1,100 belonging to the defendant municipality, in the possession of the Crédito y Ahorro Ponceño.

In view of this garnishment, counsel for the defendant filed a motion to dissolve and set it aside on the ground that it had been levied on the property of a municipal corporation, said motion being sustained by decision of the following second of September. From this decision the plaintiff took an appeal on the tenth of said month of September, which is now awaiting the decision of this Supreme Court, both parties having filed their respective briefs.

We think the order appealed from conforms to the law and the facts.

The act to secure the effectiveness of judgments approved March 1, 1902, provides in its first section, which has not been repealed or amended by the Act of March 12 of the following year, that every person who shall bring an action for the fulfillment of an obligation, may obtain an order from the court having cognizance of the suit providing that the proper measures be taken to secure the effectiveness of the judgment as the case may require, should it be rendered in his favor; and as municipal corporations have the necessary legal capacity to sue and be sued, according to section two of the act to establish a system of local government and for other purposes, approved March 8, 1906, it becomes necessary to determine

whether municipalities when sued, in cases like the present one do or do not come within the provisions of section one of the act to secure the effectiveness of judgments.

It is not necessary to bring into the discussion, as the appellant does, whether the provisions of the Code of Civil Procedure relating to the execution of judgments in civil actions are applicable to municipal corporations, in order to deduce from an examination thereof that the provisions of the act to secure the effectiveness of judgments are also applicable, because the execution of a judgment and the measures to secure the effectiveness thereof are two very different things, and it is one thing to execute a judgment and another to secure the effectiveness of a judgment.

The purpose of the act to secure the effectiveness of judgments is to prevent the claims of the plaintiff from being evaded and if the defendant is a municipality such fear does not exist, inasmuch as any judgment which may be rendered against it is secured in its execution by the said Act of March 8, 1906, section 84 of which contains the following provisions:

"In the framing of its budget, each municipality shall first make provision for the meeting of any deficit which may have resulted from the operations of prior years; or expenditures for which it is legally obligated in consequence of contracts already entered into, or for other reasons; all payments or expenditures imposed upon it by the laws of Porto Rico; and all payments or reimbursements on account of final judgments rendered against it by any competent tribunal.

"If any municipality fails to make adequate provision in its budget for the payment of any or all of the obligations herein provided for, or if during any fiscal year to which a budget relates any municipality fails to liquidate such obligations prior to the legalization by the council of its budget for the next succeeding fiscal year, any person aggrieved thereby, or the Attorney General, at the instance of the Treasurer of Porto Rico, may apply to the district court for a *mandamus* to compel the delinquent municipality to comply with its obligations in such matters as provided by law, and the court shall render such judgment and issue such orders as the facts and the law may justify."

In this case the municipality of Ponce has complied with the provisions of section 84 above transcribed, by embodying the claims, payment whereof is sought, in the budget of 1908-9, in order to pay them in the second half of said fiscal year, which half year had not yet begun to run when the proceedings were instituted for the recovery of such claims, and when the attachment was applied for to secure the effectiveness of the judgment which might be rendered in the proceedings, for which reason we believe that an attachment would be vexatious and serve no purpose in view of the fact that the rights of the creditors, of which the plaintiff is the assignee, had already been secured, by including in said budget an item for the payment thereof.

It is not possible to invoke against this doctrine the provisions of section 107 of the Act of March 8, 1906, to the effect that funds in the hands of the Treasurer of Porto Rico, belonging to any municipality, are not subject to garnishment by a creditor of the municipality, in order to deduce, as the appellant does, that the funds of a municipality which are not in the possession of the Insular Treasury, as occurs in the case of the money attached, can be garnisheed, according to the principle of *expresio unius est exclusio alterius,* because such section makes no provision with regard to cases in which the attachment of property belonging to a municipality may be obtained, and we have already said that in this case the attachment levied does not lie, because it is useless and vexatious.

The privilege which we recognize in favor of municipalities in cases where the effectiveness of judgments has been secured may be supported by the provisions of section 356 of the Code of Civil Procedure which reads as follows:

"In any civil action or proceeding wherein the Island or the people of the Island is a party plaintiff, or any insular officer in his official capacity, or on behalf of the Island, or any city or district is a party plaintiff or defendant, no bond, written undertaking, or security can be required of said Island, or the people thereof, or any officer thereof, or of any city; but on complying with the other provisions of

this Code, said Island or people thereof, or any insular officer, acting ing his official capacity, or of any city, or district, has the same rights, remedies and benefits as if the bond, undertaking or security were given and approved as required by this Code.''

We recognize the fact that the article transcribed does not refer to securing the effectiveness of judgments authorized by the Act of March 1, 1902; but as the adoption of any measure tending to secure the effectiveness of the judgment to be rendered in an action is a guarantee in favor of the plaintiff that the rights recognized in his favor in the judgment will not be evaded, we can well sustain, prompted by the same principle which inspired said section, that in this case the defendant municipality cannot be compelled to furnish that guarantee consisting of an attachment, which, as we have said, is in contravention of section 84 of the Act of March 8, 1906, to establish a system of local government and for other purposes.

For the reasons stated we are of the opinion that the judgment appealed from should be affirmed, with the costs of the appeal against the appellant.

*Affirmed.*

Justices Figueras and MacLeary concurred.

Mr. Justice Wolf dissented.

Mr. Chief Justice Quiñones did not take part in the decision of this case.